UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:16-CV-00683-JHM**

**MARY SUTHERLAND**                                                                                         **PLAINTIFF**

**v.**

**DISABILITY RMS a/k/a**                                                                                     **DEFENDANT**
**DISABILITY REINSURANCE**
**MANAGEMENT SERVICES**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Disability RMS's (hereinafter "RMS") motion to dismiss [DN 12-1]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

This case concerns whether benefits are owed under an employee benefit plan. Plaintiff Mary Sutherland was an employee at Ladegast & Heffner Claims Services, Inc., where she was enrolled in a group disability insurance plan. This plan was issued by American United Life Insurance Company (hereinafter "AUL"), and RMS is the claims administrator for the plan. On or around January 24, 2015, Sutherland became disabled and filed a claim for benefits under the plan with RMS. RMS denied the claim on August 25, 2015, on the grounds that she had fallen below full-time employment as is required under the plan. An initial lawsuit was filed by Sutherland that was later dismissed as settled, but after again being denied benefits by RMS on eligibility grounds, Sutherland filed the present action in Jefferson Circuit Court on October 3, 2016, making claims for declaratory relief so that she may pursue her claim for benefits, as well as under the Kentucky Consumer Protection Act (hereinafter "KCPA"), KRS 367.170. RMS removed to this Court and now moves the Court to dismiss the present action pursuant to Fed. R.

Civ. P. 12(b)(7), as Sutherland has failed to join AUL as a necessary party under Fed. R. Civ. P. 19.

## II. DISCUSSION

Rule 19 states, in pertinent part:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties . . . .
>
> . . .
>
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a). Thus, the Court must analyze whether AUL is a necessary party and, if so, whether their joinder would deprive the Court of subject-matter jurisdiction. *See Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345–46 (6th Cir. 1993).

The Court finds that AUL is a necessary party. To begin with, it must be determined whether Sutherland's claim falls within the scope of the Employee Retirement Income Security Act (hereinafter "ERISA"). Sutherland has made no claims that explicitly invoke ERISA's civil action provision, 29 U.S.C. § 1132(a)(1)(B). But when a state-law claim is within the scope of ERISA's civil action provision, the state-law claim is completely preempted by ERISA. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67 (1987). Here, Sutherland asks the Court for a declaration of her right to seek benefits under the plan. This claim is in essence an ERISA claim for benefits under the plan with AUL. In *Johnson v. Hartford*, 2013 WL 960280 (W.D. Ky. Mar. 12, 2013), the Court faced a similar denial of benefits due to a failure to maintain full-time

employment. The Court determined that this was to be treated as an ERISA claim for benefits, as it called for a review of the insurer's administrative decision. This case presents a similar situation. Sutherland's claim for a declaration of rights to pursue benefits will require this Court to review RMS's decision that she was ineligible to apply, which brings the claim under the purview of ERISA.

Because the claim arises under ERISA, the issue then becomes whether Sutherland has sued the proper party. In an ERISA action for benefits, "one in control of the administration of a plan may be a proper . . . defendant." *West v. Sedgwick Claims Mgmt. Svcs., Inc.*, 2006 WL 4542715, at *4 (W.D. Ky. June 19, 2006). While typically the plan itself is also a proper defendant, "an injunction requiring payment of plan benefits must be directed at an entity capable of providing the relief requested, i.e. the plan administrator, not the plan itself." *Id.* at *4 (quoting *Hall v. LHACO, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998)). Thus, the necessary party in an ERISA action will be the plan administrator, as complete relief cannot be accorded without the presence of the plan administrator.

Under this plan, AUL is the plan administrator. The policy states that AUL is the insurer and issuer of the policy, it is the party responsible for payment under the policy, and all references to any decision regarding whether to grant or deny benefits is referred to as AUL's decision. (*See* Policy [DN 1-3] at 29–30, 32) ("No legal action may be brought to obtain benefits . . . before any denial or reduction of benefits *by AUL* has been properly appealed in writing . . . If a person wishes to appeal *AUL's decision* . . .") (emphasis added). The Plan Administrator is the party who "is shown to control administration of the plan" and who "pays benefits" under the terms of the plan. *Sypher v. Aetna Ins. Co.*, 2014 WL 1230028, at *5 (E.D. Mich. Mar. 25, 2014). Even if AUL has an arrangement with RMS so that RMS is the party that actually makes

3

the determination as to eligibility for benefits, the policy makes no mention of any decision regarding benefits other than that of AUL, making AUL responsible for any such decisions. Therefore, as plan administrator, AUL is a necessary party.

Further, joinder of AUL would not destroy this Court's jurisdiction. RMS's notice of removal [DN 1] argues that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, pertaining to federal question jurisdiction, and 29 U.S.C. § 1132(e)(1), the enforcement provision of ERISA. Both of these provisions grant jurisdiction to this Court regardless of the citizenship of the defendants or the amount in controversy, meaning that AUL's joinder would not deprive this Court of its jurisdiction over the case. Further, 29 U.S.C. § 1132(e)(2) allows for service of process "in any district where a defendant resides or may be found." Thus, joinder of AUL is feasible, meaning that AUL must be joined as a necessary party under Rule 19.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss is **GRANTED**. All claims against Defendant Disability RMS are **DISMISSED**. Plaintiff Mary Sutherland shall have 21 days from the date of this order to file an amended complaint naming American United Life Insurance Company as a defendant.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 30, 2017

cc: counsel of record